**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Demetra FREEMAN, Defendant–
Appellant.**

No. 02–1615.

United States Court of Appeals,
Sixth Circuit.

Dec. 6, 2002.

Before KRUPANSKY, SILER, and COLE, Circuit Judges.

*ORDER*

This is a direct appeal from a criminal judgment and commitment order in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 3, 2001, a grand jury named Demetra Michele Freeman in three counts of a superseding indictment for her role in a scheme to defraud a bank and launder the proceeds. Freeman eventually entered into plea agreement and the district court found her guilty of bank fraud, in violation of 18 U.S.C. § 1344, and transportation of stolen money, in violation of 18 U.S.C. § 2314. The court sentenced Freeman to a twenty-one month term of imprisonment with a five year period of supervised release. This appeal followed.

Counsel for Freeman filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Freeman was served with these materials and was invited to respond, *see Freels v. Hills,* 843 F.2d 958, 961 & n. 3 (6th Cir.1988), but she chose not to do so.

Freeman and a co-defendant were indicted for their respective roles in a scheme to defraud the First Federal of Michigan Bank by opening a checking account under assumed names with stolen checks and then converting the bogus deposits into negotiable instruments. Freeman was also accused of using a part of the proceeds to purchase audio equipment, equipment that was the subject of a forfei-

ture provision in the indictment. Freeman thereafter entered into a counseled plea agreement under Fed.R.Crim.P. 11(e)(1)(B). Freeman agreed to plead guilty to one count of bank fraud and one count of interstate transportation of stolen money in exchange, in part, for a prison sentencing cap of fifteen months and a three to five year period of supervised release.

The parties subsequently appeared before the district court for the Rule 11 plea colloquy. The district court established that Freeman had the present capacity to offer her plea, that she understood the rights and protections she would be forfeiting by offering a voluntary plea to the charges, and that there was a factual basis for the plea. The court "tentatively" accepted the plea and set the matter over pending completion of a pre-sentence report.

The parties met for sentencing and counsel for Freeman proposed some factual changes to the pre-sentence agreement in non-critical areas. The parties then informed the court that, although the plea agreement capped Freeman's sentencing exposure at fifteen months, she was willing to go forward with a sentence in the recommended range of eighteen to twenty-four months. The court heard comments from counsel and Freeman then imposed a total of twenty-one months of incarceration, five years of supervised release, forfeiture of the audio equipment, and a restitution order in the amount of $120,708. Neither Freeman nor her counsel made any objections to the terms of the sentence.

On appeal, counsel for Freeman submitted a short memorandum in support of his motion to withdraw. The memorandum contains a brief, but accurate, procedural history of this case and counsel's observation that there were no appealable issues as "the sentence was legal and within the parties' agreed upon guidelines."

■ An independent review of the record supports counsel's characterization of this appeal. The district court followed the dictates of Criminal Rule 11(c) and (d). The court initially went over the terms of the plea agreement with the parties, then inquired of Freeman as to her physical and mental state and the voluntary nature of her decision to offer a plea. The court satisfied itself that Freeman was familiar with the terms of the indictment and the plea agreement, then assured itself that Freeman had read and understood a document entitled "Defendant's acknowledgment of advice as to constitutional rights." While this procedure is somewhat unusual, the "Defendant's acknowledgment" faithfully echoes Criminal Rule 11(c)(3)-(5), the litany of constitutional rights to which a defendant is entitled and the waiver of which is a condition precedent to the acceptance of a guilty plea. "[A]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h). There is no substantial error apparent in this Rule 11 proceeding.

■ The sentencing procedure was not marred by reversible error. The pre-sentence report recommended a higher guideline range (18–24 months) than the range contemplated by the plea agreement (12–18), but the parties quickly informed the court that Freeman was willing to forego her right to withdraw her plea. The district court permitted Freeman to speak before sentencing and proceeded to impose upon Freeman a term of imprisonment that was within the new guideline range and less than the statutory maximum of thirty years. The failure to offer any objections to the sentence means that Freemen has waived any appellate review of the guideline sentence. *See, e.g., United*

*States v. Ukomadu,* 236 F.3d 333, 340 (6th Cir.2001).

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.